Colm A. Moran (SBN 202685)
cmoran@shb.com
Robert E. Feyder (SBN 130688)
rfeyder@shb.com
SHOOK, HARDY & BACON L.L.P.
2049 Century Park East, Suite 3000
Los Angeles, California 90067
Telephone:   424.285.8330
Facsimile:   424.204.9093

Attorneys for Defendant
VOLVO CAR USA, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| PRIETO AUTOMOTIVE, INC., MANUEL PRIETO, and RAMONA LLAMAS,<br><br>            Plaintiffs,<br><br>     vs.<br><br>VOLVO CAR USA, LLC, and HARON MOTOR SALES, INC., and RICHARD AARON,<br><br>            Defendants. | Case No. 1:21-cv-01085-ADA-EPG<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>(ECF No. 60) |

1.   In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a.   "Proceeding" means the above-entitled proceeding (Case No. 1:21-CV-01085-DAD-EPG).

b.   "Court" means the Hon. Ana de Alba and the Hon. Erica P. Grosjean, or any other judge or magistrate judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c.   "Confidential" means any confidential, sensitive, or non-public information that a Designating Party reasonably believes to fall within the following types of information: trade secrets, development, financial, marketing, planning, personal, business plans, commercial or strategic information, attorney-client communications subject to a limited waiver, and information protected from disclosure by law, contract, or policy. Such information is entitled to protection because its disclosure would create a substantial risk of competitive or business injury to the Designating Party, as set forth further in ¶ 2 below.

d.   "Confidential Material(s)" means any Documents, Testimony or Information as defined below designated as "Confidential" or "Attorney's Eyes Only" pursuant to the provisions of this Stipulation and Protective Order.

e.   "Party" means a signatory to this Stipulation and Protective Order.

f.   "Designating Party" means the Party that designates Materials as "Confidential."

g.   "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

h.   "Documents" means (i) any "Writing," "Recording," "Photograph," "Original," and "Duplicate" as those terms are defined by Federal Rules of Evidence, Rule 1001 and any "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations" as set forth in Federal Rules of Civil Procedure, Rule 34(a)(1)(A), which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

i.   "Information" means the content of Documents or Testimony.

1         j.      "Testimony" means all depositions, declarations or other testimony taken or used in
2 this Proceeding.
3         2.      <u>Local Rule 141.1 Statement</u>.  The Parties have met and conferred on various
4 discovery issues pertaining to the production of documents in this matter. Given the nature of
5 business involved and the entities that are Parties to the action, each of which have protectable trade
6 secrets, proprietary, and financial information that will require disclosure for the defense and
7 prosecution of this lawsuit, the Parties have agreed that the issuance of a Protective Order is the most
8 effective and efficient way to protect the confidentiality of the information and concerns of all
9 parties. To this end, the Parties have discussed the factors of Local Rule 141.1(c) and believe for the
10 reasons set forth herein  there is a need for an enforceable order, and a private agreement will not
11 fully satisfy the concerns of the parties because it does not come with the threat of contempt.
12 Because this matter involves claims relating to how Defendant Volvo Car USA, LLC ("Volvo")
13 contracts with its dealership operators, including its selection process and the terms of its contracts
14 with its dealers, there is a particularized need for the protection of such information, which could be
15 utilized by Volvo's competitors.  Similarly, this matter includes how Plaintiff Prieto Automotive,
16 Inc. ("Prieto) and its principals, Ramona Llamas and Manuel Prieto, operate their dealerships, as
17 well as how Haron Motor Sales, Inc. ("Haron") does the same – and how both Prieto and Haron
18 market themselves to, and negotiate with, automobile manufacturers like Volvo.  Accordingly, there
19 is also a particularized need for protection of their information, which may be of interest to their
20 competitors, too.  Because Plaintiffs assert claims against their former attorney Richard Aaron, there
21 is also the likelihood of a limited waiver of attorney-client privileged communications.  Further, Mr.
22 Aaron has an interest in protecting competitive information relating to how he deals with his clients
23 and operates his law practice.  Accordingly, the categories of documents that are to be protected by
24 this order include the trade secrets, development, financial, marketing, planning, business plans,
25 commercial, or strategic information of Volvo, Haron, Plaintiffs, and Mr. Aaron.  Further, any
26 attorney-client communications subject to a limited waiver are entitled to protection as they would
27 be privileged under most circumstances.  The parties also wish to protect personal information, in
28 the event that any documents in discovery contain social security numbers, or other sensitive,

1  personal information.  Protection should be addressed by this Stipulation and Protective Order,

2  rather than by a private agreement between or among the parties in order to expedite the flow of

3  discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately

4  protect material entitled to be kept confidential, and ensure that protection is afforded only to

5  material so entitled.

6      3.   The Designating Party shall have the right to designate as "Confidential" any

7  Documents, Testimony or Information that the Designating Party in good faith believes is

8  Confidential as defined herein.  For documents with heightened sensitivity, the Designating Party

9  shall also have the right to designate as "Attorney's Eyes Only" any document that should not be

10 provided to the receiving Party's client, client representatives, or other third parties working with the

11 receiving Party's attorney. Hereafter, where "Confidential" is mentioned or discussed, the Parties

12 intend for the mention to also include and apply to the "Attorney's Eyes Only" designation, except

13 where otherwise noted.

14     4.   The entry of this Stipulation and Protective Order does not alter, waive, modify, or

15 abridge any right, privilege or protection otherwise available to any Party with respect to the

16 discovery of matters, including but not limited to any Party's right to assert the attorney-client

17 privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any

18 such assertion.

19     5.   Any Documents, Testimony or Information to be designated as "Confidential" must

20 be clearly so designated before the Document, Testimony or Information is Disclosed or produced.

21 The parties may agree that the case name and number are to be part of the "Confidential"

22 designation. The "Confidential" designation should not obscure or interfere with the legibility of the

23 designated Information.

24     a.   For Documents (apart from transcripts of depositions or other pretrial or trial

25 proceedings), the Designating Party must affix the legend "Confidential" on each page of any

26 Document containing such designated Confidential Material.

27     b.   For Testimony given in depositions the Designating Party may either:

28

      i.      Identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

      ii.      Designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

      c.      For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

      6.      The inadvertent production by a Party of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document,

1   Testimony or Information, the receiving Party shall notify the producing Party in writing of such
2   destruction within ten (10) days of receipt of written notice of the inadvertent production. In the
3   event that this provision conflicts with any applicable law regarding waiver of confidentiality
4   through the inadvertent production of Documents, Testimony or Information, such law shall govern.

5      7.   Pursuant to Federal Rule of Evidence 502(d), disclosure of any Document, Testimony
6   or Information protected by the attorney-client privilege, work product doctrine, or other applicable
7   privilege or protection in this litigation (collectively, "Privileged Information") shall not constitute a
8   waiver of any valid claim of privilege, and failure to assert a privilege in this litigation as to one item
9   of Privileged Information shall not be deemed to constitute a waiver of the privilege as to any other
10  item of Privileged Information allegedly so protected, even involving the same subject matter. If a
11  Party discovers that it has produced Privileged Information, the producing Party shall give notice to
12  the receiving Party demanding the return of the Privileged Information ("Privileged Information
13  Notice"), and the Privileged Information, together with all copies thereof and any notes made
14  therefrom, shall be returned within 15 days to the producing Party and the receiving Party shall not
15  use such Privileged Information for any purpose. When a producing Party issues a Privileged
16  Information Notice, the obligations of the receiving Party are those set forth in Federal Rules of
17  Civil Procedure, Rule 26(b)(5)(B). If a receiving Party discovers an apparent inadvertent disclosure
18  of Privileged Information by a producing Party, the receiving Party shall take reasonable steps to
19  notify the producing Party that Privileged Information has been produced and shall return the
20  Privileged Information together with all copies thereof and any notes made therefrom, within 15
21  days. Thereafter, the receiving Party shall not use such information for any purpose.

22      8.   In the event that counsel for a Party receiving Documents, Testimony or Information
23  in discovery designated as "Confidential" objects to such designation with respect to any or all of
24  such items, said counsel shall advise counsel for the Designating Party, in writing, of such
25  objections, the specific Documents, Testimony or Information to which each objection pertains, and
26  the specific reasons and support for such objections (the "Designation Objections"). Counsel for the
27  Designating Party shall have thirty (30) days from receipt of the written Designation Objections to
28  either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or

all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

9. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

   a. The Court;

   b. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel, except that this provision shall not apply to any Confidential Materials designated as "Attorneys' Eyes Only" under ¶ 2. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

   c. Those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A, except that this

1  provision shall not apply to any Confidential Materials designated as "Attorneys' Eyes Only" under
2  ¶ 2;
3      d.    Court reporters in this Proceeding (whether at depositions, hearings, or any other
4  proceeding);
5      e.    Any deposition, trial or hearing witness in the Proceeding who previously has had
6  access to the Confidential Materials, or who is currently or was previously an officer, director,
7  partner, member, employee or agent of an entity that has had access to the Confidential Materials;
8      f.    Any deposition or non-trial hearing witness in the Proceeding who previously did not
9  have access to the Confidential Materials; provided, however, that each such witness given access to
10 Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are
11 subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed
12 other than pursuant to its terms;
13     g.    Mock jury participants, provided, however, that prior to the Disclosure of
14 Confidential Materials to any such mock jury participant, counsel for the Party making the
15 Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain
16 that such person is bound to follow the terms of such Order, and shall secure the signature of such
17 person on a statement in the form attached hereto as Exhibit A.
18     h.    Outside experts or expert consultants consulted by the undersigned Parties or their
19 counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing;
20 provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert
21 consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and
22 Protective Order to such person, shall explain its terms to such person, and shall secure the signature
23 of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of
24 counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by
25 any such expert or expert consultant, to promptly notify counsel for the Designating Party of such
26 breach or threatened breach; and
27     i.    Any other person that the Designating Party agrees to in writing.
28

10. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

11. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

12. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

   a. Operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

   b. Prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

      i. To seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order or be reclassified down from "Attorney's Eyes Only" to "Confidential"; or

      ii. To seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

13. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

14. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if

made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

15. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

16. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

17. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

18. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials

10
STIPULATION AND PROTECTIVE ORDER

in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

19. The Parties recognize that the designation of material as Confidential under this Stipulation and Protective Order does not permit the filing of such material in Court either under seal or in redacted form, as stated in Local Rule 141.1(e). The Parties further recognize that it is the Designating Party who both has the interest in and the capability of making a sufficient showing that the Confidential Material should be sealed or redacted. A receiving Party that files or intends to file with the Court Confidential Material in support of or in opposition to, a motion, or in connection with a pre-trial hearing or proceeding (the "Applicable Court Proceeding"), and does not intend to request to have such material sealed or redacted, must, in connection with the Applicable Court Proceeding:

a. Lodge (but not file in the public record) the unredacted Confidential Material with the Court (the "Lodged Material") by: (i) e-mailing them to the appropriate Judge or Magistrate Judge's proposed orders e-mail box listed on the Court's website, with the e-mail subject line including the case number and the statement: "CONFIDENTIAL–CONDITIONALLY UNDER SEAL PURSUANT TO STIPULATION AND PROTECTIVE ORDER, PENDING POTENTIAL MOTION TO SEAL (the "Lodged Material"); or (ii) submitting on paper to the Clerk by hand delivery, by same-day or overnight courier, or by U.S. Mail in an envelope stating in a prominent matter the case number and the statement: "CONFIDENTIAL–CONDITIONALLY UNDER SEAL PURSUANT TO STIPULATION AND PROTECTIVE ORDER, PENDING POTENTIAL MOTION TO SEAL"; and

b. Give written notice to the Designating Party that the Lodged Material will be placed in the public court file unless the Designating Party files a motion to seal or redact the Lodged Material within five days of receiving such notice.

If the Designating Party fails to file a motion to seal or redact the Lodged Material within five days, the Lodged Material will be transmitted to the public file. If the Designating Party files a timely motion to seal or redact, the Lodged Material shall remain conditionally under seal until the Court rules on the motion or and thereafter are to be filed as ordered by the Court. Pending any such

ruling, the Lodged Material shall be made available for in camera review by the Court in connection with the Applicable Court Proceeding. This provision does not apply to any information, whether designated as Confidential Material or not, that is required to be redacted pursuant to Local Rule 140.

20. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

21. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

22. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

23. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition, (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

24. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

25. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

This Stipulation and Protective Order may be executed in counterparts.

Dated: September 7, 2022       Respectfully Submitted

                               SHOOK, HARDY & BACON L.L.P.


                               By: */s/ Robert E. Feyder*

                                   Colm A. Moran
                                   Robert E. Feyder

                                   Attorneys for Defendant
                                   VOLVO CAR USA, LLC


Dated: September 7, 2022       MILLER BARONDESS, LLP


                               By: */s/ Amnon Z. Siegel*

                                   Amnon Z. Siegel

                                   Attorneys for Plaintiffs
                                   Prieto Automotive, Inc., Manuel Prieto, and
                                   Ramona Llamas

| | | |
|---|---|---|
| Dated: September 7, 2022 | | WANGER JONES HELSLEY PC |
| | | By: */s/ Christopher A. Lisieski* |
| | | Scott D. Laird<br>Christopher A. Lisieski |
| | | Attorneys for Defendant<br>HARON MOTOR SALES, INC. |
| Dated: September 7, 2022 | | Whitney, Thompson & Jeffcoach LLP |
| | | By: */s/ Marshall C. Whitney*  *l* |
| | | Marshall C. Whitney<br>Kristi D. Marshall |
| | | Attorneys for Defendant<br>Richard Aaron |

# **EXHIBIT A**

## **CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, (Case No. 1:21-CV-01085-ADA-EPG). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this \_\_\_\_\_ day of\_\_\_\_, 20\_\_, at _____.

DATED:                    BY: _____
                          Signature
                          _____
                          Title
                          _____
                          Address
                          _____
                          City, State, Zip
                          _____
                          Telephone Number

**ORDER**

Pursuant to the stipulation of the parties (ECF No. 60), and as set forth above, the parties' stipulation and protective order is hereby approved.

IT IS SO ORDERED.

Dated:   **September 8, 2022**                    /s/ *Erica P. Grosjean*
                                                                 UNITED STATES MAGISTRATE JUDGE